# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 21, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**GREGORY SAVAGE,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1672**  (BOR Appeal No. 2045983)
                              (Claim No. 2010132356)

**ALLIANCE COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory Savage, by J. Thomas Greene Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alliance Coal, LLC, by George Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 7, 2011, in which the Board affirmed a May 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 17, 2010, decision rejecting Mr. Savage's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Savage asserts that he injured his left ankle on March 7, 2010, when he rolled his foot while working in an underground coal mine. The medical evidence of record indicates that he suffered from multiple medical problems around the time of the alleged injury, including left ankle pain, for which he was seeking treatment. On May 17, 2010, the claims administrator rejected the claim. In its Order affirming the claims administrator's May 17, 2010, decision, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Savage did not sustain a work-related injury on March 7, 2010. Mr. Savage disputes this finding and asserts

1

that the evidence of record demonstrates that he suffered a work-related left ankle injury on March 7, 2010.

The Office of Judges found that the alleged March 7, 2010, injury does not appear in the medical record until April 23, 2010, when Dr. Miller signed Mr. Savage's application for workers' compensation benefits. The Office of Judges noted that Mr. Savage did not even incidentally mention to his treating physicians that he injured his ankle at work, despite the fact that he was receiving ongoing treatment. Moreover, the record indicates that Alliance Coal was not made aware of the alleged work-related injury until late April of 2010, despite the fact that Mr. Savage had not worked since March 8, 2010. The Office of Judges found that other Alliance Coal employees discussed Mr. Savage's left ankle issues with him shortly after the date of the alleged injury at a retraining session, and further noted that Mr. Savage did not indicate to any of his coworkers that he had sustained a work-related injury to his left ankle. Finally, the Office of Judges pointed to West Virginia Code of State Rules § 85-1-3.1 (2009), which requires that work-related injuries be reported immediately, and specifies that notice given within two working days shall be deemed immediate. The Office of Judges then found that Mr. Savage waited six weeks to advise Alliance Coal that he sustained an alleged work-related ankle injury on March 7, 2010. The Board of Review reached the same reasoned conclusions in its decision of November 7, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II